IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANGELA NAILS,

          Plaintiff,

   v.

CASE & DUSTERHOFF, LLP,

          Defendant.

Case No.: 3:25-cv-00263-AN

OPINION AND ORDER

Self-represented plaintiff Angela Nails filed this action against defendant Case & Dusterhoff, LLP and seeks to proceed *in forma pauperis*. For the reasons stated below, plaintiff must file an amended complaint addressing the deficiencies described below to avoid dismissal of her lawsuit.

**LEGAL STANDARD**

When a complaint is filed by a plaintiff proceeding *in forma pauperis*, the court must dismiss the case if it determines that the action is frivolous or malicious or that it fails to state a claim on which relief can be granted, or if the defendant is immune to monetary relief. 28 U.S.C. § 1915(e)(2). The standard used under 28 U.S.C. § 1915(e)(2) for failure to state a claim is the same as the Federal Rule of Procedure ("FRCP") 12(b)(6) standard. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)).

To survive a FRCP 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 12(b)(6). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). The court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail*

*Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (citation omitted).  Bare assertions that amount to mere "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681 (internal citations and quotation marks omitted).  In ruling on an FRCP 12(b)(6) motion to dismiss, a court may "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam) (citation omitted).

The court must construe pleadings by self-represented plaintiffs liberally and must give them the benefit of any doubt.  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted), *aff'd*, 15 F.3d 1086 (9th Cir. 1994), *abrogated on other grounds as stated in Cuviello v. City & County of San Francisco*, 940 F. Supp. 2d 1071, 1090 (N.D. Cal. Apr. 15, 2013).  Before dismissing a complaint, a court must give a statement of the complaint's deficiencies and must give leave to amend the complaint unless it is "absolutely clear" that the deficiencies could not be cured by amendment.  *Id.* (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff alleges state law claims for legal malpractice and negligent professional misconduct based on defendant's representation of plaintiff in 2012.  Compl., ECF [1], at 1.  Plaintiff cites to "ORD [*sic*] 12.115," appearing to refer to Oregon Revised Statutes § 12.115.  *Id.*  Plaintiff alleges that defendant has an address in Beaverton, Oregon.  *Id.* at 3.

Plaintiff alleges that she hired attorney Steven C. Burke, one of defendant's employees, to represent her in a hearing on January 17, 2012, before the Small Claims Court in Washington County Circuit Court, but that Burke did not show up.  *Id.* at 1-2; *see id.* at 7.  Plaintiff alleges that there was a Retainer Agreement Contract between the parties, that defendant's "performance and duties were below the standard of competence[,]" and that defendant "misrepresented" and "misled" plaintiff.  *Id.* at 2-3.  Additionally, plaintiff alleges that defendant "neglected to communicate the duties involving general work practices laws [*sic*]" and "did not take responsibility for [Burke]" after it knew that Burke did not appear at the hearing.  *Id.* at 2.  Plaintiff alleges that defendant "ha[d] a responsibility to [] communicate with [] [p]laintiff when

2

[Burke] did nothing to reset with the Court a new hearing date, come up with new legal strategies approach [*sic*] and tactics based on the pervious [*sic*] hearing date missed and misinformed [] [p]laintiff through email [that he] was prepared for the hearing." *Id.*  Plaintiff requests $150,000.00 in damages. *Id.* at 3.

## DISCUSSION

### A.     Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and must have subject matter jurisdiction to preside over claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  A federal court's original jurisdiction must be based on either federal question jurisdiction under 28 U.S.C. § 1331, for "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" or diversity jurisdiction over civil actions under 28 U.S.C. § 1332(a), for "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the action is between "citizens of different States."  The party seeking to invoke diversity jurisdiction bears the burden of pleading and proving that diversity jurisdiction exists. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).  "[T]he amount in controversy is determined from the face of the pleadings." *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (internal quotation marks and citation omitted).

Plaintiff has not established subject matter jurisdiction.  Plaintiff provides no information as to her own citizenship.  With regard to defendant, plaintiff alleges only that defendant has an address in Oregon.  However, defendant is a limited liability partnership, the citizenship of which is determined by the citizenship of each of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899, 902 (9th Cir. 2006).  Plaintiff has not identified any of defendant's members or their respective citizenships.  Because plaintiff fails to allege facts to establish diversity of citizenship, she fails to establish that this Court has subject matter jurisdiction over this case.

Should plaintiff choose to file an amended complaint, she must identify her own state citizenship, as well as defendant's members and each member's state citizenship.  If any of defendant's members are natural persons, plaintiff must allege the state in which those members are domiciled.  If any

of defendant's members are also unincorporated entities, plaintiff must identify the citizenships of those entities' members. Finally, if any of defendant's members are corporations, plaintiff must allege every state in which the member corporation is incorporated as well as the state in which its principal place of business is located. *See id.* at 899.

**B.     Timeliness**

A claim may be dismissed under FRCP 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (internal quotation marks and citations omitted). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) (citation omitted).

Under Oregon law, the statute of limitations for a legal malpractice claim is two years. *See* Or. Rev. Stat. § 12.110(1); *U.S. Nat'l Bank v. Davies*, 274 Or. 663, 665-66, 548 P.2d 966 (1976). Additionally, a statute of ultimate repose requires a plaintiff to bring a claim of negligent injury to person or property within ten years, regardless of the date of discovery of the injury. *See* Or. Rev. Stat. § 12.115; *Marshall v. PricewaterhouseCoopers, LLP*, 371 Or. 536, 539-40, 539 P.3d 766 (2023).

Here, plaintiff's allegations are based solely on conduct that occurred in 2012. One of plaintiff's allegations suggests that plaintiff called defendant and left messages on defendant's voicemail "once [defendant was] known in 2022," Compl. 2; however, the attachments to plaintiff's complaint indicate that these calls and messages occurred in 2012, *see id.* at 9. Because all the alleged events occurred more than ten years ago, plaintiff's claims are barred by the applicable statutes. Accordingly, plaintiff fails to state a claim upon which relief can be granted.

Should plaintiff choose to file an amended complaint, she must allege facts to demonstrate that her claims are timely.

## CONCLUSION

For the foregoing reasons, plaintiff is directed to amend her complaint to sufficiently plead subject matter jurisdiction and state a claim for relief by April 3, 2025. Failure to do so will result in dismissal of this case. The Court DEFERS ruling on plaintiff's Application for Leave to Proceed In Forma Pauperis, ECF [2].

IT IS SO ORDERED.

DATED this 4th day of March, 2025.

_____
Adrienne Nelson
United States District Judge