IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANGELA NAILS,<br><br>   Plaintiff,<br> v.<br><br>CASE & DUSTERHOFF, LLP,<br><br>   Defendant. | Case No.: 3:25-cv-00263-AN<br><br>OPINION AND ORDER |

  Self-represented plaintiff Angela Nails filed this action against defendant Case & Dusterhoff, LLP and seeks to proceed *in forma pauperis*. On March 4, 2025, the Court ordered plaintiff to amend her complaint to sufficiently state a claim for relief. On March 20, 2025, plaintiff filed an amended complaint. For the reasons stated below, this case is DISMISSED with prejudice.

## LEGAL STANDARD

  When a complaint is filed by a plaintiff proceeding *in forma pauperis*, the court must dismiss the case if it determines that the action is frivolous or malicious, fails to state a claim on which relief can be granted, or if the defendant is immune to monetary relief. 28 U.S.C. § 1915(e)(2). The standard used under 28 U.S.C. § 191(e)(2) for failure to state a claim is the same as the Federal Rule of Procedure ("FRCP") 12(b)(6) standard. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)).

  To survive a FRCP 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed R. Civ. P. 12(b)(6). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The court "must accept as true all factual allegations in

the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (citation omitted). Bare assertions that amount to mere "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In ruling on an FRCP (12)(b)(6) motion to dismiss, a court may consider only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam) (citation omitted).

The court must construe pleadings by self-represented plaintiffs liberally and must give them the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted), *abrogated on other grounds as stated in Cuviello v. City & Cnty. of San Francisco*, 940 F. Supp. 2d 1071, 1090 (N.D. Cal. Apr. 15, 2013). Before dismissing a complaint, a court must give a statement of the complaint's deficiencies and must give leave to amend the complaint unless it is "absolutely clear" that the deficiencies could not be cured by amendment. *Id.* (internal quotation marks omitted) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

## BACKGROUND

Plaintiff's original complaint alleged state law claims for legal malpractice and negligent professional misconduct based on attorney Steven C. Burke ("Burke")'s representation of plaintiff in a case in 2012. Compl., ECF [1], at 1. The Court, conducting its gatekeeping function under 28 U.S.C. § 1915(e)(2), found that the amended complaint did not sufficiently establish subject matter jurisdiction or state a claim for relief and ordered plaintiff to file a second amended complaint by April 2, 2025, or face dismissal of her case.

Plaintiff filed an amended complaint on March 20, 2025. Am. Compl., ECF [5]. Plaintiff alleges that "the Plaintiff state is Georgia," and "the Defendants state is Oregon." *Id.* at 1. She also alleges that "the Plaintiff [*sic*] complaint is valued at $75,000.000.00 [*sic*]." *Id.* Plaintiff alleges that her "damages malpractice claim, and negligent injury occurred August 26, 2024, and January 14, 2025" and that "voice mail were [*sic*] left in 2022." *Id.* Plaintiff alleges that defendant was "devoted to showing monitor ethical

2

conduct on the above dates suggesting their Oregon Law Firm ethical practices in the state of Oregon do not agree with Rule 4.3 Dealing with Communicating with an unrepresented person who is not represented by counsel a lawyer shall not state or imply the lawyer is disinterested." *Id.* Plaintiff alleges that "[t]he unwilling desire to communicate is a history with the Defendants law firm not wishing to cure unethical behavior to address the dates and the times on the law firm calendar appointments kept." *Id.* Plaintiff also refers to "Defendants Professional Conduct Rule 3:110 A member shall not intentionally, recklessly, or repeatedly fail to perform legal services with competence." *Id.* at 1-2.

A review of the Court's docket shows that in 2015, plaintiff filed a similar action against Burke, alleging that she hired Burke to represent her in court but Burke did not appear and plaintiff's case was dismissed, and that Burke failed to return the retainer fee that plaintiff paid. *Nails v. Burke*, No. 3:15-cv-01034-JE, ECF [1]. That case was dismissed with prejudice before service of process because plaintiff failed to articulate a basis for the Court's subject matter jurisdiction despite being granted leave to amend and advised of the complaint's deficiencies. *Nails v. Burke*, No. 3:15-cv-01034-JE, Order of February 23, 2016, ECF [20] (adopting Findings & R. of January 27, 2016 ("F&R"), ECF [18]).

## DISCUSSION

A.  **Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and must have subject matter jurisdiction to preside over claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A federal court's original jurisdiction must be based on either federal question jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or diversity jurisdiction over civil actions where the "matter in controversy exceeds the sum or value of $75,000" and the action is between "citizens of different States," 28 U.S.C. § 1332(a). The party seeking to invoke diversity jurisdiction bears the burden of pleading and proving that diversity jurisdiction exists. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). "[T]he amount in controversy is determined from the face of the pleadings." *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (internal quotation

marks and citation omitted).

Plaintiff still fails to meet her burden to establish subject matter jurisdiction. As the Court previously noted, defendant is a limited liability partnership, the citizenship of which is determined by the citizenship of each of its members. Op. & Order of March 4, 2025 ("Order to Show Cause"), ECF [4], at 3; *see Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899, 902 (9th Cir. 2006). Plaintiff appears to allege that she is a citizen of Georgia but does not identify any of defendant's members or those members' respective citizenships. Additionally, plaintiff appears to allege that the amount in controversy is $75,000.00, which does not meet the amount in controversy requirement. Accordingly, plaintiff fails to establish that this Court has diversity jurisdiction over this case.

**B.      Failure to State a Claim**

To state a claim for legal malpractice, a plaintiff must show: "(1) a duty that runs from the defendant to the plaintiff; (2) a breach of that duty; (3) a resulting harm to the plaintiff measurable in damages; and (4) causation, *i.e.*, a causal link between the breach of duty and the harm." *Stevens v. Bispham*, 316 Or. 221, 227-28, 851 P.2d 556 (1993) (emphases omitted). To state a claim for negligence under Oregon common law, a plaintiff must allege "(1) that [the] defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that [the] defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of [the] plaintiff's harm, and (5) that [the] plaintiff was within the class of persons and [the] plaintiff's injury was within the general type of potential incidents and injuries that made [the] defendant's conduct negligent." *Moody v. Or. Cmty. Credit Union*, 371 Or. 772, 784, 542 P.3d 24 (2023) (quoting *Solberg v. Johnson*, 306 Or. 484, 490-91, 760 P.2d 867 (1988)).

Here, plaintiff alleges only that her "damages malpractice claim, and negligent injury occurred August 26, 2024, and January 14, 2025." Am. Compl. 1. Plaintiff fails to allege any facts to support these vague, conclusory assertions; in fact, plaintiff's five-paragraph amended complaint provides even less detail than her original. Plaintiff appears to claim that defendant engaged in "unethical behavior" by not keeping appointments on those two dates and not responding to a voicemail from 2022, *id.*, but does

not allege any facts to demonstrate that defendant had any duty to plaintiff, let alone that defendant breached that duty or that the supposed breach resulted in any harm to plaintiff. Similarly, plaintiff fails to show that defendant created a foreseeable risk of harm, that defendant's conduct was unreasonable, or that this conduct resulted in harm to plaintiff. Accordingly, plaintiff does not state a claim upon which relief may be granted.

**C.     Dismissal with Prejudice**

Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), a court should not allow futile amendments, *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *see also Cal. Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

The Court previously notified plaintiff of the deficiencies in her pleadings and advised her how to correct them. *See* Order to Show Cause 3-4; *Nails v. Burke*, No. 3:15-cv-01034-JE, F&R 2-3. Given the defects noted above and plaintiff's "repeated failure to cure deficiencies by amendments previously allowed," *Foman v. Davis*, 371 U.S. 178. 182 (1962), the Court finds that further amendment would be futile.

## CONCLUSION

For the foregoing reasons, plaintiff's Amended Complaint, ECF [5], is DISMISSED with prejudice. Plaintiff's Application for Leave to Proceed In Forma Pauperis, ECF [2], is DENIED as moot.

IT IS SO ORDERED.

DATED this 29th day of April, 2025.

Adrienne Nelson
United States District Judge

5